MEIERHENRY, Justice
(dissenting).
[¶ 72.] Although I agree with the majority that the trial court overlooked Mike’s consistent failure to provide child support, I cannot agree that the trial court abused its discretion by changing custody. When announcing his decision in open court, Judge Bjorkman expressed his concern about Mike’s delayed child support and medical payments. He indicated, “I would expect that father not repeat that, that they are paid now. And there may be some explanation for some of the delays in the past.” It is hard to imagine that a parent, who consistently refuses to pay child support, has the child’s best interest in mind.
[¶ 73.] Nevertheless, I cannot conclude based on our standard of review that Judge Bjorkman abused his discretion when he changed custody to Mike. He considered and weighed all the Fuersten-berg factors carefully. See Fuerstenberg, 1999 SD 35, ¶ 24-34, 591 N.W.2d at 807-10. He based this finding on what the experts said in their reports and testimonies. Joleen’s attempt to alienate the child from his father weighed heavily in the custody determination. See id. ¶ 31, 591 N.W.2d at 809. Judge Bjorkman also noted that Joleen’s psychological profile dis *753 played “characteristics of histrionic behavior and narcissism.” Additionally, he found Joleen’s testimony to be:
less credible at various points, particularly about issues concerning parental alienation, and making major decisions about Thomas without father’s involvement. In those situations, she appeared reluctant to answer questions in a straightforward fashion and would often evade or fail to answer the exact questions asked to justify a position.
The court further found that Mike had made progress in promoting a positive relationship between the child and Joleen, but that Joleen continued to try to alienate the child from Mike. The court described Joleen’s attempts at alienation as follows:
These [alienation] efforts have taken many forms, including, but not limited to: making derogatory remarks about father — allowing others to do so — in [child’s] presence; creating an environment for [child] where it was not okay to express his love for his father; routinely failing to include father in significant decisions about [child’s] life; making it more difficult than necessary for father and [child] to spend time together; portraying father as a villain in [child’s] presence.
The court’s findings are based on the testimony .and expert reports. I cannot agree with the majority that the findings are clearly erroneous.
[¶ 74.] Even though we may have made a different custody decision based on the record, we must give deference to the trial court. Determining the credibility of the witnesses and the weight given to their testimony falls within the discretion of the trial court. Id. ¶ 22, 591 N.W.2d at 807. Judge Bjorkman used a balanced and systematic approach, and considered and weighed all the evidence as it related to the relevant factors. Judge Bjorkman’s custody decision was not an abuse of discretion, “ ‘exercised to an end or purpose not justified by, and clearly against reason and evidence.’ ” Henry, 1996 SD 108, ¶ 10, 554 N.W.2d at 473 (quoting In re A.R.P., 519 N.W.2d at 62 (quoting Moriarty, 501 N.W.2d at 355; Derail, 489 N.W.2d at 374)).
[¶ 75.] I would affirm.